IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KENNETH GEORGE EBANKS,** § | | |
| **ID # 35234-177**, § | | |
| Movant, § | | |
| § | | |
| v. § | No. 3:12-CV-1358-L (BH) | |
| § | No. 3:06-CR-0285-L (01) | |
| § | | |
| **UNITED STATES OF AMERICA**, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Kenneth George Ebanks's ("Movant" or "Ebanks") Motion to Vacate and Correct Defendant's Sentence Pursuant to § 3742, filed May 1, 2012. The case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on May 7, 2012, recommending that Ebanks's motion be transferred to the United States Court of Appeals for the Fifth Circuit. No objections to the Report were filed.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. For the reasons stated in the Report, the court construes the Motion to Vacate and Correct Defendant's Sentence Pursuant to § 3742 as a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to the provisions of 28 U.S.C. § 2255. Also, for the reasons stated in the Report, the Motion to Vacate, Set Aside, or Correct Sentence is **transferred** to the United States Court of Appeals for the Fifth Circuit pursuant to

*Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

In accordance with Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. § 2253(c), and after considering the record in this case and the recommendation of the magistrate judge, the court **denies** movant a Certificate of Appealability. The court accepts and incorporates by reference the Report in support of its finding that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[*]

In the event that movant files a notice of appeal, he is informed that he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 25th day of May, 2012.

                                              Sam A. Lindsay
                                              United States District Judge

**Memorandum Opinion and Order – Page 3**